UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CASE NO.:

| | |
|---|---|
| **KAREN LATERA a/k/a KAREN CHAFETZ,** as an individual and on behalf of others similarly situated,<br><br>**Plaintiff,**<br>v.<br><br>**AMERICA'S SERVICING COMPANY,** a division of **WELLS FARGO BANK, NA,**<br>**Defendant.** | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff, by and through her attorney, Abel L. Pierre, Esq., as and for her complaint against the Defendant AMERICA'S SERVICING COMPANY, a division of WELLS FARGO BANK, NA, (hereinafter "Defendant" or "ASC") alleges as follows:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k ("FDCPA") and 28 U.S.C. § 1331. Venue is proper in this district pursuant to 28 U.S.C. § 1391(d).

### III. ALLEGATIONS AS TO PARTIES

3. Plaintiff, Karen Latera a/k/a Karen Chafetz, ("Latera") is a natural person residing in the State of Virginia.

4. Ms. Latera is a "consumer" as said term is defined under the FDCPA, 15 U.S.C. § 1692a(3).

2. Upon information and belief Defendant AMERICA'S SERVICING COMPANY is a division of WELLS FARGO BANK, NA and is a foreign company operating as a mortgage loan servicing institution.

3. Defendant ASC, at all relevant times hereafter described, did transact, and does now presently transact, loan mortgage servicing business in the State of New York. Defendant ASC is authorized to conduct business in the State of New York through its parent company's registered agent Corporation Service Company at 1180 Avenue of the Americas, Suite 210, New York, NY 10036.

4. Upon information and belief Defendant ASC is a debt collector as defined pursuant to FDCPA 15 U.S.C. § 1692a(6).

5. Defendant is or was engaged in the collection of debts from consumers and regularly attempts to collect consumer debts alleged to be due to another.

6. Defendant ASC became the mortgage servicer of the subject mortgage after the Plaintiff defaulted on said obligation.

7. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from Plaintiff.

8. Defendant is subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## IV. FACTUAL ALLEGATIONS

9. The Plaintiff realleges and incorporates ¶¶1-8 above as if fully set out herein.

10. Prior to filing for relief under chapter 13 of the Bankruptcy code, Plaintiff owned real property located at 5874 NW 49th Lane, Coconut Creek, Broward County, Florida 33073.

11. Prior to filing for relief under chapter 13 of the Bankruptcy Code, Plaintiff's primary mortgage from GreenPoint Mortgage Funding, Inc. in the amount of $293,600.00 on or about December 9, 2004.

12. Prior to filing for relief under chapter 13 of the Bankruptcy Code, Plaintiff's primary mortgage from GreenPoint Mortgage Funding, Inc. was serviced by America's Servicing Company ("ASC").

13. Upon information and belief, Plaintiff's primary mortgage note was purportedly assigned to the Bank of New York Mellon f/k/a the Bank of New York successor in interest to JP Morgan Chase Bank NA, as Trustee for Structured Asset Mortgage Investments II, Inc. Bear Stearns ALT-A Trust 2005-7, Mortgage Pass-Through Certificates, Series 2005-7 ("BNYM"), sometime thereafter.

14. On or about October 26, 2012, Plaintiff filed for an Order of Relief under Chapter 13 of Title 11.

15. Plaintiff's real property was listed on Schedule A of the bankruptcy petition and the mortgage with Creditor ASC was listed on Schedule D of Plaintiff's bankruptcy petition.

16. As Plaintiff's real property was securing Plaintiff's debt to ASC, Plaintiff's schedules A and D of her bankruptcy petition expressly stated that the property was surrendered or would be surrendered.

17. As with all bankruptcies, a notice of bankruptcy filing was sent by first class mail sent to ASC by the court on or about October 31, 2012.

18. On or about November 18, 2013, Plaintiff was granted a discharge of her debts by the order of Hon. Paul M. Glenn, Bankruptcy Judge in the Middle District of Florida.

19. As such, Plaintiff's bankruptcy case was closed and her debt with ASC was discharged and her real property surrendered.

20. On or about November 20, 2013, the court sent or caused to be sent to ASC a notice of bankruptcy discharge.

21. Post-bankruptcy discharge, on or about April 11, 2016, a notice of default was sent or caused to be sent to Plaintiff by ASC, notifying her that she was in default for failure to make payments on the discharged mortgage loan. This communication was for the purpose of collecting monies purportedly owed by Debtor ("Collection Communication").

22. Between August 2013 and December 2016, ACS was constantly informed of the Plaintiff's filing of bankruptcy.

23. Upon information and belief, ASC still seeks to collect on the discharged debt, by continuing to report this to consumer reporting agencies, despite notification that the debt was discharged.

24. ASC was listed as a creditor holding secured claims on Schedule D of Plaintiff's bankruptcy petition and on the creditor mailing matrix.

25. Upon information and belief, ASC received notification of Plaintiff's bankruptcy filing.

26. Defendant ASC's actions are tantamount to coercing the Plaintiff into paying a discharged debt.

27. By undertaking the aforementioned actions, Defendant attempted to utilize false and deceptive means to coerce Plaintiff into paying the debt.

28. Defendant knows or should know that its undertaking of these actions is false and deceptive.

29. These continued actions and omissions by Defendant ASC as described in the preceding paragraphs constitute conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff. 15 U.S.C. §1692d.

30. These continued actions and omissions by Defendant ASC as described in the preceding paragraphs constitute a continued false, deceptive, or misleading representation or means in connection with the debt collection within the meaning of 15 U.S.C. §1692e.

31. These continued actions and omissions by Defendant ASC as described in the preceding paragraphs constitute false and misleading representations regarding the character, amount, or legal status of the alleged debt within the meaning of 15 U.S.C. §1692e(2).

32. These continued actions and omissions by Defendant ASC as described in the preceding paragraphs constitute a continued false representation or deceptive means to collect a debt or obtain information about a consumer within the meaning of 15 U.S.C. §1692e.

33. These continued actions and omissions by Defendant ASC as described in the preceding paragraphs constitute unfair or unconscionable means to collect or attempt to collect an alleged debt within the meaning of 15 U.S.C. §1692f.

34. These continued actions and omissions by Defendant ASC as described in the preceding paragraphs constitute a continued attempt to collect amounts not authorized by the agreement creating the alleged debt or permitted by law within the meaning of 15 U.S.C. §1692f(1).

35. The actions and omission of Defendant as described above constituted violations of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692e(10), 1692f and 1692f (1) 1692f (5), amongst others.

## V. PRACTICES OF DEFENDANT

36. It is or was the policy and practice of Defendant as a loan servicing agent to collect monies from mortgagees to make property tax and hazard insurance payments when they are due and to keep a thorough accounting of all of it.

37. It is or was the policy and practice of the Defendant to collect monies from mortgagees who may or may not owe a debt.

38. Said practices and policies of Defendant are deceptive representations, which contradicts the mortgagees' rights.

39. That the Defendant continuously intentionally and knowingly and/or carelessly and recklessly cause these false, misleading collection attempts for sole purpose of harassing consumers and coercing payment and collecting debts which they know or should know that the mortgagees do not owe or have otherwise satisfied.

40. Defendant's conduct violates 15 U.S.C. § 1692 *et seq.*, including but not limited to subsections (d), (e), and (f) in the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his/her legal rights as required by law.

41. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendant is liable to the Plaintiff for actual damages in the form of humiliation, embarrassment, disruption of financial security and stability pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## VI. ALLEGATIONS OF LAW

42. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:  d, e, and f.

    i. Defendant violated 15 U.S.C. § 1692d by harassing, oppressing and/or abusing the consumer by employing unfair tactics in attempt to collect a debt;

    ii. Defendant violated 15 U.S.C. § 1692e by utilizing false, deceptive and misleading representation to collect a debt; making false and misleading representations in connection to the character, amount and legal status of an alleged debt; and utilizing false representations or deceptive means to collect a debt;

    iii. Defendant violated 15 U.S.C. § 1692e(2) by making false and misleading representations in communications regarding the character, amount or legal status of the alleged debt;

    iv. Defendant violated 15 U.S.C. § 1692e(10) by utilizing false representation or deceptive means to collect a debt from a consumer;

    v. Defendant violated 15 U.S.C. § 1692f by utilizing unfair tactics to collect an alleged debt; and attempting to collect an amount not authorized by the agreement creating the debt or permitted by law; attempting to collect an amount not permitted by law; caused charges to be made to the consumer; and unlawfully disabled the consumer's property.

    vi. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect any amount not authorized by the agreement creating the debt or permitted by law.

43. To the extent that the Defendant attempted to collect a debt from Plaintiff even though Defendant knew or should have known that Plaintiff did not owe the underlying debt and such actions also violated New York State Statutes prohibiting Deceptive Acts and Practices. *See* New York State Code Article 22-A. § 349.

## COUNT I

### Violation of § 1692d Of the FDCPA – Any conduct the natural consequence of which is to harass, oppress, or abuse any person

44. The Plaintiff realleges and incorporates ¶¶1-43 above as if fully set out herein.

45. Section 1692d of the FDCPA prohibits a debt collector from using any conduct which the natural consequence of which is to harass, oppress or abuse any person. See, 15 U.S.C. § 1692d.

46. Defendant's violation of § 1692d of the FDCPA, include, but are not limited to, engaging and continuing collection activity by sending or causing to be sent to Plaintiff a collection communication for a debt that was discharged through bankruptcy.

47. Defendant's violation of § 1692d of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

48. By unlawfully harassing Plaintiff, Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, embarrassment.

49. By unlawfully making false threats against Plaintiff, Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, embarrassment.

50. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692d of the FDCPA, Plaintiff was damaged in that she among other things, suffered stress, emotional distress, humiliation, embarrassment, and continuing anxiety as he proceeds with her life as a result of Defendant's abusive attempts to collect a debt.

51. Plaintiff requests that Defendant be barred from attempting to collect the debt alleged to be owed, for engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT II

### Violation of § 1692e Of the FDCPA – Any other false, deceptive, or misleading representation or means in connection with the debt collection

52. The Plaintiff realleges and incorporates ¶¶1-51 above as if fully set out herein.

53. Section 1692e of the FDCPA prohibits a debt collector from using any other false, deceptive, or misleading representation or means in connection with the debt collection. See, 15 U.S.C. § 1692e.

54. Defendant's violation of § 1692e of the FDCPA, include, but are not limited to, engaging and continuing collection activity by sending or causing to be sent to Plaintiff a collection communication for a debt that was discharged through bankruptcy.

55. Defendant's violation of § 1692e of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

56. By unlawfully harassing Plaintiff, Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, embarrassment.

57. By unlawfully making false threats against Plaintiff, Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, embarrassment.

58. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692e of the FDCPA, Plaintiff was damaged in that she among other things, suffered stress, emotional distress, humiliation, embarrassment, and continuing anxiety as he proceeds with her life as a result of Defendant's abusive attempts to collect a debt.

59. Plaintiff requests that Defendant be barred from attempting to collect the debt alleged to be owed, for engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT III

### Violation of § 1692e (2) Of the FDCPA – False or misleading representations in communications regarding character, amount or legal status of the alleged debt

60. The Plaintiff realleges and incorporates ¶¶1-59 above as if fully set out herein.

61. Section 1692e (2) of the FDCPA prohibits a debt collector from using false or misleading representations in communications with regards to the character, amount, or legal status of the alleged debt.  See, 15 U.S.C. § 1692e (2).

62. Defendant's violation of § 1692e (2) of the FDCPA, include, but are not limited to, engaging and continuing collection activity by sending or causing to be sent to Plaintiff a collection communication for a debt that was discharged through bankruptcy. Defendant, in sending or causing to send to Plaintiff the collection communication, falsely represented the legal status of the alleged debt.

63. Defendant's violation of § 1692e (2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

64. By unlawfully harassing Plaintiff, Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, embarrassment.

65. By unlawfully making false threats against Plaintiff, Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, embarrassment.

66. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692e(2) of the FDCPA, Plaintiff was damaged in that she among other things, suffered stress, emotional distress, humiliation, embarrassment, and continuing anxiety as he proceeds with her life as a result of Defendant's abusive attempts to collect a debt.

67. Plaintiff requests that Defendant be barred from attempting to collect the debt alleged to be owed, for engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT IV
### Violation of § 1692e (10) Of the FDCPA – Any false representation or deceptive means to collect a debt or obtain information about a consumer

68. The Plaintiff realleges and incorporates ¶¶1-67 above as if fully set out herein.

69. Section 1692e (10) of the FDCPA prohibits a debt collector from using any false or deceptive means to collect a debt. See, 15 U.S.C. § 1692e (10).

70. Defendant's violation of § 1692e (10) of the FDCPA, include, but are not limited to, engaging and continuing collection activity by sending or causing to be sent to Plaintiff a collection communication for a debt that was discharged through bankruptcy.

71. Defendant's violation of § 1692e (10) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

72. By unlawfully harassing Plaintiff, Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, embarrassment.

73. By unlawfully making false threats against Plaintiff, Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, embarrassment.

74. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692e(10) of the FDCPA, Plaintiff was damaged in that she among other things, suffered stress, emotional distress, humiliation, embarrassment, and continuing anxiety as he proceeds with her life as a result of Defendant's abusive attempts to collect a debt.

75. Plaintiff requests that Defendant be barred from attempting to collect the debt alleged to be owed, for engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT V

### Violation of § 1692f Of the FDCPA – Any unfair or unconscionable means to collect or attempt to collect the alleged debt

76. The Plaintiff realleges and incorporates ¶¶1-75 above as if fully set out herein.

77. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect the alleged debt. See, 15 U.S.C. § 1692f.

78. Defendant's violation of § 1692f of the FDCPA, include, but are not limited to, engaging and continuing collection activity by sending or causing to be sent to Plaintiff a collection communication for a debt that was discharged through bankruptcy.

79. Defendant's violation of § 1692f of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

80. By unlawfully harassing Plaintiff, Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, embarrassment.

81. By unlawfully making false threats against Plaintiff, Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, embarrassment.

82. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692e(10) of the FDCPA, Plaintiff was damaged in that she among other things, suffered stress, emotional distress, humiliation, embarrassment, and continuing anxiety as he proceeds with her life as a result of Defendant's abusive attempts to collect a debt.

83. Plaintiff requests that Defendant be barred from attempting to collect the debt alleged to be owed, for engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT VI

### Violation of § 1692f (1) Of The FDCPA – Any attempt to collect any amount not authorized by the agreement creating the debt or permitted by law

84. The Plaintiff realleges and incorporates ¶¶1-83 above as if fully set out herein.

85. Section 1692f(1) of the FDCPA prohibits a debt collector from using any unfair means to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.  See, 15 U.S.C. § 1692f (1).

86. Defendant's violation of § 1692f(1) of the FDCPA, include, but are not limited to, engaging and continuing collection activity by engaging and continuing collection activity by sending or causing to be sent to Plaintiff a collection communication for a debt that was

discharged through bankruptcy. Defendant's actions, in sending or causing to send to Plaintiff the collection communication are not permitted by law.

87. Defendant's violation of § 1692f (1) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

88. By unlawfully harassing Plaintiff, Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, embarrassment.

89. By unlawfully making false threats against Plaintiff, Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation and embarrassment.

90. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692e(10) of the FDCPA, Plaintiff was damaged in that she among other things, suffered stress, emotional distress, humiliation, embarrassment, and continuing anxiety as he proceeds with her life as a result of Defendant's abusive attempts to collect a debt.

91. Plaintiff requests that Defendant be barred from attempting to collect the debt alleged to be owed, for engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## CLASS ALLEGATIONS

92. The causes of action are brought on behalf of Plaintiff and the members of a class.

93. The Class consists of all persons whom Defendant's records reflect resided in the United States and who were listed as Defendants in foreclosed actions bought on behalf of The Bank of New York Mellon, (a) the foreclosure actions were initiated against mortgagees seeking payment of a mortgage debt; and (b) the foreclosure actions were served on said mortgagees, (d) 1692(g) whose obligations to payment the debt were previously

extinguished by order of a United States Bankruptcy judge. Said practices thereby confusing the mortgagee as to his/her rights, and (e) 1692(f) for conducting unfair practices to attempt to collect a debt by means of duress and coercion.

94. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   a.   Based on the fact that foreclosure actions that are at the heart of this litigation were fraudulent and illegally initiated, the class is so numerous that joinder of all members is impracticable.

   b.   There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class member.  The principal question presented by this claim is whether the Defendants violated the FDCPA by failing to follow appropriate procedures.

   c.   The only individual issue is the identification of the mortgagees whose mortgage obligations were extinguished by an order of the United States Bankruptcy Court and who were listed as Defendants on fraudulent foreclosure actions which sough repayment of the mortgage, which were initiated by the Defendants on behalf of the bank, (i.e. the class members), a matter capable of ministerial determination from the records of Defendants.

   d.   The claims of the Plaintiff are typical of those of the class members.  All are based on the same facts and legal theories.

   e.   The Plaintiff will fairly and adequately represent the class members' interests.  The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims.  The Plaintiff's interests are consistent with those of the members of the class.

95. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

96. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

97. Foreclosure actions brought against consumers whose mortgage obligations where discharged by an order of the United States Bankruptcy Court, such as those initiated by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## **PRAYER FOR RELIEF**

Plaintiff, KAREN LATERA a/k/a KAREN CHAFETZ prays that this Court:

1. Declare that Defendant violated the FDCPA;

2. Enter judgment in favor of Plaintiff and against Defendant, on each and every count, for actual damages, costs and reasonable attorneys' fees as provided by § 1692k(a)(1) of the FDCPA;

3. Enter judgment in favor of Plaintiff and against Defendant, on each and every count, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

4. Awarding Plaintiff and the Class statutory damages;

5. Awarding Plaintiff and the Class actual damages;

6. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, KAREN LATERA a/k/a KAREN CHAFETZ demand trial by jury.

Respectfully submitted,

Dated: March 24, 2017

**LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York 10005
Telephone: (212) 766-3323
Facsimile: (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**